QUESTIONS: 1. Is the regulation stated in the statement of facts sufficient to remove a person's expectation that his telephone conversation is not subject to interception? 2. Are the department-owned telephones used pursuant to the regulation subject to Ch. 934, F. S.? 3. Would a regulation which specifically states that a member or employee using a department telephone consents to the monitoring and/or taping of his conversation suffice as consent under s. 934.01(4), F. S.? 4. Would conversations obtained by monitoring department telephones be admissible in court for the prosecution of crimes not set out in s. 934.07, F. S.? 5. Would the aforementioned conversations be admissible in departmental internal discipline proceedings?
SUMMARY: While the regulation promulgated by the department removes reasonable expectations of privacy regarding monitoring of calls on department telephone lines as to employees or other persons with knowledge of the regulation, it does not remove the privacy expectations of persons calling into the department on telephone lines not used as "hot lines," publicized numbers to contact police regarding crimes, etc., since those persons have no knowledge of the regulation. Conversations obtained by lawfully monitoring department telephones would be admissible as evidence in court for the prosecution of crimes not set forth in s. 934.07, F. S. If a conversation or communication is lawfully obtained, it should be admissible in departmental internal discipline proceedings. STATEMENT OF FACTS: As stated in your letter, the regulation is as follows: Department Telephones Members and employees are hereby placed on notice that all department telephones are subject to being equipped with recording and/or listening devices upon the authorization of the chief. Department telephones are primarily intended for use in conducting department business and any member or employee using such telephones does so with the knowledge and understanding of the existence of this department policy. Your letter advises that all members and employees are issued a copy of this regulation and required to sign a statement that they have read and understand it. AS TO QUESTIONS 1, 2, AND 3: Question 1 is answered in the negative. Questions 2 and 3 are answered in the affirmative subject to the qualifications expressed herein. Section 934.02(2), F. S., provides: "Oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting. (Emphasis supplied.) The exceptions found in Ch. 934, F. S., which authorize the interception of wire or oral communications of persons are statutory exceptions to the constitutional right to privacy found in the federal and state constitutions. As such, they must be strictly construed and narrowly limited in application to the uses delineated by the Florida Legislature. In re Grand Jury Investigation, 287 So.2d 43 (Fla. 1973). The threshold question which must be decided is whether, in the context of your inquiry, an individual who utilizes telephones within a public building has a reasonable expectation of privacy as to the use of such telephones to transmit oral communications. If the circumstances justify such expectations, then the communication may be intercepted only as provided by Ch. 934, F. S. Since the regulation of the police department of the City of Orlando has been promulgated and is presently in effect, no opinion is expressed as to the power or authority of the department to adopt reasonable regulations as to the use of telephones by employees and procedures whereby such regulations are enforced. This inquiry acknowledges that the regulation is presently in force and effect and, accordingly, analyzes this regulation solely in light of the proscriptions found in Ch. 934, F. S. It cannot be seriously disputed that any employee or other person who has knowledge of the rule could have a reasonable expectation of privacy as to his or her conversations, since notice has been given that all calls are subject to monitoring pursuant to the regulation. The regulation could be placed in a conspicuous place on or near each telephone so that any person who utilized the telephones of the department would have knowledge of the potential for monitoring which exists as to those telephones. However, a different problem exists as to those individuals without knowledge of, or access to, the regulation who telephone into the department. The question then is: If an individual has no knowledge of the regulation permitting blanket monitoring, does he possess a reasonable expectation of privacy as to his conversations into the department? While no Florida case has decided this question, a number of general principles have been formulated which can provide some guidance. Whether a person possesses a reasonable expectation of privacy will of necessity vary according to the particular situation. Since the Fourth Amendment protects people and not places, the fact that the conversation takes place over a publicly maintained telephone is not solely determinative of the issue. What may constitute a reasonable expectation in one context will not necessarily apply in another. For example, any expectation of privacy which existed as to conversations transmitted on a "hot line" in a police department would be substantially less than conversations occurring over another department telephone without a widely published number and found in an individual's office. As to a widely distributed police telephone number, most individuals of ordinary intelligence would presume that a recording was being made of each call coming into the department because of the type of calls being made to such number. Indeed, s. 934.03, F. S., permits "one-sided" consent when the purpose of the interception is to obtain evidence of a criminal act. On the other hand, it can be strongly argued that the majority of individuals in our society would not expect that their telephone communications with a police officer or other public official received on that official's own department telephone would be monitored. In the final analysis, however, what is or is not reasonable as to calls placed to the department or any public agency from private citizens which are not placed to a direct, publicized number circulated for purposes of reporting crimes, requesting assistance, or the like is dependent upon the conditions present in each particular case. Accordingly, any blanket monitoring of telephones other than on a number normally utilized for reporting or receiving information concerning actual or potential criminal activity should not be attempted. As an alternative, it is suggested that if the department wishes to monitor all calls coming in or going out from the department regardless of the subject matter involved, a system be utilized whereby, prior to the conversation, the party on the line who does not have knowledge of the monitoring be informed of this fact so that if the conversation begins, consent to monitoring, either express or implied, has been given by each party, thus complying with s. 934.03, F. S. AS TO QUESTION 4: This question is answered in the affirmative. The legislative intent to limit court-authorized wiretaps to specified major crimes is set forth quite clearly in s. 934.07, F. S. However, interceptions made with the prior consent of one of the parties to the conversation is permitted if the intercept is done by or under the control of a law enforcement officer and for the purpose of obtaining evidence of a criminal act. See s. 934.03(2)(c), F. S. Although the Legislature saw fit to put limits on court-authorized intercepts, I find nothing in Ch. 934, F. S., that would evidence an intent to limit the acquisition of evidence by intercept with the consent of one of the parties to the specified crimes set forth in s. 934.07. See Griffith v. State, 111 So.2d 282 (1 D.C.A. Fla., 1959); Barber v. State, 172 So.2d 857 (1 D.C.A. Fla., 1965); Rathbun v. United States, 355 U.S. 107 (1957); and United States v. White,401 U.S. 745 (1971). In the case of Tollett v. State, 272 So.2d 490 (Fla. 1973), the court, in speaking to this issue, remarked as follows: We take note of Chapter 934, F. S., enacted as Chapter 69-17 at the 1969 legislative session and particularly Section 934.01(4) thereof, which reads in part: "(4) To safeguard the privacy of innocent persons, the interception of wire or oral communications when none of the parties to the communication has consented to the interception should be allowed only when authorized by a court of competent jurisdiction. . . ." (Emphasis by the court.) It is our view that this language should not be interpreted to obviate the necessity of a police officer securing a warrant unless one of the parties has given consent which must be shown through proper testimony — not hearsay. "Consents" from police informers with no substantial or requisite interest in the residence or papers or personal effects of a suspect are not legally sufficient to relieve police officers of the necessity of securing search warrants to search the dwelling, person or papers and effects of the suspect; neither should their "consents" except under the safeguards of authentication as hereinafter noted be sufficient to obviate the necessity of securing a warrant for intercepting wire or oral communication. [Id. at 494.]
To reiterate, I know of no rule of law or procedure that would exclude from evidence conversations obtained by monitoring department-owned telephones. Court-ordered interceptions of wire or oral communications are restricted to those crimes set forth in s. 934.07, F. S. But there is nothing in the provisions of Ch. 934, F. S., which even purports to exclude from evidence conversations or communications relating to any crime acquired by lawful interception other than pursuant to the provisions of Ch. 934. AS TO QUESTION 5: It is difficult to give a definitive answer to this question because I am not familiar with the regulations, if any, governing departmental internal discipline proceedings. However, it seems to me that if the conversation is lawfully acquired and admissible as evidence in a court of law, then it should be admissible in any departmental internal discipline proceeding.